Sidney Gadison v. State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-046-CR

     SIDNEY GADISON,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 278th District Court
Madison County, Texas
Trial Court # 10,241-278-03
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Sidney Gadison was serving time in prison for two convictions of Escape. While in prison,
he was charged and convicted of assaulting a public servant. The jury sentenced him to 10 years
in prison. We affirm the trial court’s judgment.
Background
      Allen Minter was a state prison guard at the Ferguson Unit at the time of the assault. Gadison
had been pulled from the day room of the prison after the morning “chow” because he was
creating a disturbance. After all the other prisoners had been returned to their cells, Minter
escorted Gadison to his cell. As he approached his cell, Gadison turned and struck Minter several
times in the face. Two other guards came to Minter’s assistance and subdued Gadison. Both
Minter and Gadison were taken to the infirmary to check for injuries. Gadison contended that
Minter struck him first and the other guards who arrived beat him for several minutes. The State
submitted photographs of Minter’s and Gadison’s injuries. The photos portrayed Minter as having
injuries around his nose and eyes with significant bleeding. The photo of Gadison portrayed a cut
on his cheek.
Hearsay
      Gadison’s complaints on appeal center around testimony offered by the State’s investigator,
Mike Holm, regarding the inability of the State to locate the victim of the assault, Allen Minter,
to testify for trial. It is apparent from the record that Gadison’s defense team would call to the
jury’s attention that Minter did not appear to testify against Gadison. Gadison was allowed to
argue Minter’s failure to appear to the jury during closing argument on guilt/innocence. In an
attempt to head off the argument, the State called Mike Holm to the stand. Over objection, Holm
testified that about a month prior to the setting, Minter was available to testify although he might
have a new job in South Texas. The case was subsequently continued. On his next attempts to
contact Minter, Holm talked to someone on the phone who represented herself to be Minter’s
mother. Holm said the mother told him that Minter was in New Mexico laying cable and that she
did not have any way to contact him. Holm said he called Minter’s mother about five times prior
to the trial, but was unsuccessful in contacting Minter.
      At trial, Gadison objected to the testimony as self-serving and hearsay. In subpart A of his
first issue, Gadison contends the testimony was improper bolstering and irrelevant. Arguments
asserted at trial by the proponent of the evidence must comport with the arguments asserted on
appeal; otherwise, the issue is not preserved. See Jenkins v. State, 912 S.W.2d 793, 814-815
(Tex. Crim. App. 1993); In re C.Q.T.M., 25 S.W.3d 730, 738 (Tex. App.—Waco 2000, pet.
denied). These arguments asserted on appeal by Gadison do not comport with those raised at the
trial court. Thus, subpart A is not preserved for our review. 
      In subpart B, Gadison contends the testimony was inadmissible hearsay. Hearsay is an out
of court statement offered for the truth of the matter asserted. Tex. R. Evid. 801(d). Gadison
asserts that the testimony was offered to prove the whereabouts of Minter or the reason he was not
present for trial. The State argues that the testimony was not hearsay, that it was offered to show
the efforts of the State to locate Minter. We agree with Gadison. Although the efforts of the State
in locating Minter and accounting for why he was not called as a witness by the State could be
presented, the information given by Holm went beyond those efforts and also presented
inadmissible hearsay. The portion of Holm’s testimony regarding what Minter was doing and why
he could not be reached was hearsay and objected to on that basis. Subpart B of Gadison’s first
issue is sustained.
      In his “second issue,” Gadison complains that he was harmed by the admission of the hearsay
testimony. Error in this evidentiary ruling is a non-constitutional error. See Armstead v. State,
977 S.W.2d 791, 798 (Tex. App.—Fort Worth 1998, pet. ref'd). Therefore, we are to disregard
the error unless it affected Gadison's substantial rights. Tex. R. App. P. 44.2(b); Tex. R. Evid.
103(a). A substantial right is affected when the error had a substantial and injurious effect or
influence on the jury's verdict. King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). 
In making this determination, we review the record as a whole. Muhammad v. State, 46 S.W.3d
493, 508 (Tex. App.—El Paso 2001, no pet.).
      Two other prison guards testified as to what occurred between Gadison and Minter and that
Gadison was the aggressor. Evidence was presented by Gadison that Minter stepped outside his
duty as a correctional officer and struck Gadison first and for no reason. The hearsay testimony
as to where Minter was or what he was doing a few weeks before the trial and why he was in New
Mexico at the time of this trial had no effect or influence on the jury’s verdict. Thus the error in
admitting the hearsay is harmless. Gadison’s second issue is overruled.
Conclusion
      Having found error but no harm, we affirm the judgment of the trial court.
 
                                                                         TOM GRAY
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Vance dissenting)
Affirmed
Opinion delivered and filed October 3, 2001
Do not publish
[CR25]